**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Theodore CRISCIONE, aka Nicholas Criscione, aka Ted Criscione, Defendant–Appellant.**

No. 02–50531.
D.C. No. CR–01–01233–R.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Theodore Criscione appeals the 37–month sentence imposed following his guilty plea conviction for conspiracy, mail fraud, and wire fraud. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo a district court's compliance with Fed.R.Crim.P. 32, *United States v. Carter,* 219 F.3d 863, 866 (9th Cir.2000), and we affirm.

Criscione contends that the district court erred by failing to make adequate findings regarding the "relevant conduct" used to enhance his sentence under U.S.S.G. §§ 1B1.3, 2B1.1, and 2S1.1(a)(1). We disagree.

The district court was not obligated to make specific fact findings because Criscione did not contest any specific factual statements in the presentence report. *See id.*

Criscione further contends that the district court erred by enhancing his sentence based on conduct associated with the Fountain Valley property because the evidence was insufficient to establish that he

---

was involved with a fraudulent transaction involving that property. This contention fails because the presentence report contains sufficient uncontested facts to support the enhancement. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1163 (9th Cir.2000).

Finally, Criscione's constitutional challenge fails as he offers no support for his contention that the consideration of relevant conduct violated due process.

AFFIRMED.